UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO:

MARIE JEAN, individually,

Plaintiff,

v.

H & M FASHION USA, INC.

Defendant.
_________________________________/

**COMPLAINT**

Plaintiff, Marie Jean ("Plaintiff") files this Complaint against H & M FASHION USA, INC. ("H & M" or "Defendant") for a violation of the Telephone Communications Protection Act as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Defendant for a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") for unsolicited telemarketing text messages made by or on behalf of Defendant H & M. Plaintiff seeks damages and an injunction.

2. Plaintiff Marie Jean is a natural person. Plaintiff is a resident of Broward County, Florida. At all relevant times, Jean is the only user, subscriber, owner and possessor of the residential cellular telephone number 954-990-9561.

3. Defendant H & M at all relevant times is a Wisconsin corporation but authorized to conduct business in the State of Florida.

## JURISDICTION AND VENUE

4. The Court has federal subject matter jurisdiction under 47 U.S.C. § 227. *Cf. Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012).

5. This Court has personal jurisdiction over H & M because the wrongful acts alleged in this Complaint were committed in and/or caused injury in Florida and H & M conducts, operates, and/or carries on a business in the State of Florida.

6. Venue is also proper before this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## GENERAL ALLEGATIONS

7. Plaintiff does not use, and at no time used 954-990-9561 for business or commercial purposes. Plaintiff registered her phone number with the Do-Not-Call Registry on May 16, 2024.

8. Defendant H & M is in the business of selling women's apparel.

9. On May 8, 2025, after receiving a text message from H & M promoting its products, the Plaintiff revoked any consent to receive text messages via text message. Plaintiff wrote to H & M: "Please don't message me again," thereby confirming that she did does not consent to receive text messages, and asking her to be placed on H & M's internal do not call list.

10. Thereafter, H & M continued to send the Plaintiff text messages using an automatic telephone dialing system (ATDS).

11. Their purpose was to advertise, promote, and encourage the purchase of Defendant's goods and/or services.

13. Plaintiff has received more than 1 autodialed text message from H & M to her residential cellular phone number after May 8, 2025. H & M sent the Plaintiff 49 text messages after she revoked her consent.

14. H & M sent the text messages from short code 73184.

15. Upon information and belief, H & M 's telephone equipment has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16. Upon information and belief, the telephone equipment used by H & M to place the calls at issue has the capacity to dial telephone numbers automatically from a stored list or database without human intervention, using a random or sequential number generator.

17. H & M 's telemarketing text messages were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A).

18. Plaintiff was personally affected by H & M 's aforementioned conduct because she was frustrated and distressed that H & M repeatedly interrupted her with unwanted telemarketing calls using an ATDS for marketing purposes.

19. Through H & M 's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

20. H & M 's text messages forced Plaintiff to live without the utility of her cellular phones by occupying his cellular telephone with one or more unwanted calls, causing a nuisance and lost time.

21. Plaintiff is informed and believes and here upon alleges, that the calls were made by H & M 's and/or its agent(s), with H & M 's permission, knowledge, control and for H & M 's benefit.

22. H & M 's calls annoyed and frustrated Plaintiff, distracted Plaintiff, and invaded Plaintiff's privacy.

23. Through the aforementioned conduct, H & M has violated 47 U.S.C. § 227(b)(1)(A)(iii).

**COUNT I - 47 U.S.C. § 227(b)(1)(a)(iii)**

24. Plaintiff hereby incorporates by reference the allegations contained in 1-23 as if fully set forth herein.

25. The TCPA prohibits certain uses of telecommunication equipment that would interfere with telephone service subscribers' privacy and/or property rights with respect to their telephone. In particular, the TCPA provides that: It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior H & M consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a . . . cellular telephone service . . . 47 U.S.C. § 27(b)(1)(A).

26. The TCPA provides telephone service subscribers a private right of action for injunctive relief and statutory damages for violations: A person or entity may . . . bring . . . an action based on a violation of [47 U.S.C. § 227(b)] to enjoin such a violation, an action to recovery for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or both . . . If the court finds that the defendant willfully or knowingly violated [47 U.S.C. § 227(b),] the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the [statutory damages available above]. 47 U.S.C. § 227(b)(3).

27. H & M sends outgoing text messages to the Plaintiff's cellular phone. Under the TCPA, a text message qualifies as a call. *Campbell-Ewald Co. v. Gomez,* 577 U.S. 153, 156 (2016).

28. H & M sent text messages to Plaintiff using a predictive dialing system or Automatic Telephone Dialing System. The predictive dialers are an automatic telephone dialing system; no human manually entered the cellular telephone numbers which H & M called at the time the call was made. Rather, the predictive dialers electronically dialed the Plaintiff's cellular telephones in an automated fashion. The predictive dialers are capable of storing, producing, and dialing any telephone number, and are capable of storing, producing, and dialing telephone numbers using a random or sequential number generator. The predictive dialers otherwise constitute an "automatic telephone dialing system" under the meaning of 47 U.S.C. § 227(a)(1).

29. Since May 8, 2025, H & M lacked legally effective prior consent to call or text the Plaintiff's cellular telephone number.

30. H & M violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing text messages to Plaintiff that were automatically dialed by H & M 's telephone system and made to a cellular telephone number without the Plaintiff's consent.

31. H & M 's violations are willful because H & M knew that Plaintiff had revoked her consent to receive calls or text messages made using an ATDS system, and that H & M used these methods to text the Plaintiff's cell phone number for marketing purposes.

32. Plaintiff seeks to recover statutory damages (including treble damages for willful violation of the TCPA), as well as injunctive and equitable relief under 47 U.S.C. § 227(b)(3), against H & M .

**COUNT II - 47 U.S.C. § 227(c)(5)**

33. Plaintiff hereby incorporates by reference the allegations contained in 1-23 as if fully set forth herein.

34. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

35. A text message is a "call" as defined by the TCPA. *See Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (explaining that a text message is a "call" as defined by the TCPA).

36. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscribe who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." 47 C.F.R. § 64.1200(d) provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made) and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised."

37. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers." Any "person who has received more than one telephone call within any 12-month

period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

38. H & M violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to the Plaintiff who registered her respective cellular residential telephone number with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

39. H & M violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff more than one solicitation text message in a 12- month period in violation of 47 C.F.R. § 64.1200.

40. H & M further not institute minimum procedures required under 47 C.F.R. § 64.1200(d). H & M also consistently failed to honor the requests of Plaintiff to stop calling, and specifically to place her name and telephone number on H & M 's internal do not call list and to otherwise maintain an adequate do not call policy required under 47 C.F.R. § 64.1200(d).

41. H & M willfully violated 47 C.F.R. § 64.1200(d). H & M knew that it and its agents failed to institute minimum procedures for maintaining a list of persons whose request not to receive telemarketing calls made by or on behalf of H & M and that they repeatedly ignored and/or refused to honor Plaintiff's requests to be placed on an Internal Do Not Call list.

42. As a result of H & M 's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff is entitled to damages in an amount to be proven at trial.

43. Plaintiff seeks to recover statutory damages (including treble damages for willful violations), as well as injunctive and equitable relief under 47 U.S.C. § 227(c)(5) against H & M .

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Marie Jean respectfully requests that this Court enter judgment and order in their favor against H & M as follows:

a. Judgment against H & M and in favor of Plaintiff in the amount of $500 or $1,500 per violation of the TCPA as proven at trial;

b. Equitable and injunctive relief, including injunctions enjoining further violations of the TCPA;

c. An award of attorneys' fees and costs, as allowed by law;

d. An award of pre-judgment and post-judgment interest, as provided by law;

e. Such other relief as may be appropriate under the circumstances.

**JURY TRIAL DEMANDED**

Respectfully submitted,

**SOLNICK LAW, P.A.**
3363 NE 163rd Street, Suite 801
North Miami Beach, FL 33160
P 786-629-6530 |

By: /s/ *Peter J. Solnick*, FBN 670006